IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**TERRY LAMELL EZELL**,

        Plaintiff,

        v.

**JOSE ESQUETINI in his capacity as a federal employee acting within the scope of his duties and as an individual, MARTIN HERNANDEZ in his capacity as a federal employee acting within the scope of his duties and as an individual, and UNITED STATES OF AMERICA,**

        Defendants.

No. 3:13-cv-00924-JE

OPINION AND ORDER

**MOSMAN, J.**,

On April 1, 2014, Magistrate Judge Jelderks issued his Findings and Recommendation ("F&R") [35] in the above-captioned case, in which Mr. Ezell asserts a *Bivens* claim and a claim under the Federal Tort Claims Act ("FTCA"). Judge Jelderks concluded that this Court lacks personal jurisdiction over the *Bivens* Defendants, Jose Esquetini and Martin Hernandez, and that venue in this Court is improper with regard to the FTCA claim. (F&R [35] at 8–10). He recommended that the action be transferred to the Central District of California. *Id.* at 10.

1 – OPINION AND ORDER

Neither party filed objections. Because I conclude that the applicable statutes of limitations in both Oregon and California had run on all of Mr. Ezell's claims when this action was originally filed, I will GRANT Defendants' motion to dismiss the action [21].

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. I am not bound by magistrate judge's recommendations; instead, I retain responsibility for making the final determination. I am required to review de novo those portions of the report or any specified findings or recommendations within it to which an objection is made. 28 U.S.C. § 636(b)(1). However, I am not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether objections have been filed, in either case I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1).

Upon review, I agree with and adopt Judge Jelderks's conclusions that this Court lacks personal jurisdiction over Mr. Esquetini and Mr. Hernandez and that venue is improper on the FTCA claim. I write further to address whether these defects require the action to be dismissed, or whether in the interests of justice the action should be transferred to the proper venue.

An FTCA claim is "forever barred" unless the claimant submits it to the relevant agency within two years after it accrues. 28 U.S.C. § 2401(b). The claimant then has six months from the date of administrative resolution of the claim to file a complaint in federal court. *Id.*; *Henderson v. United States*, 765 F.2d 121, 123 (4th Cir. 1986). This limitations period "is jurisdictional and not subject to equitable tolling or estoppel." *Adams v. United States*, 658 F.3d 928, 933 (9th Cir. 2011).

2 – OPINION AND ORDER

Mr. Ezell filed a Form 95 claim with the Bureau of Prisons ("BOP") on January 14, 2013, more than two years after he allegedly fell from his bunk and suffered injuries at the end of 2010.[1] (Ms. Vickers's Decl. [23] at ¶ 8; Att. C at 1 (sealed);[2] 2d Am. Compl. [7] at ¶ 26.) Indeed, Mr. Ezell admits in his complaint that he did not file an administrative claim until January of 2013. (2d Am. Compl. [7] at ¶ 40.) Because he waited more than two years to file an administrative claim, his FTCA claim is time-barred.

In a *Bivens* action, a district court adopts the statute of limitations applied to personal injury actions in the courts of the state in which it sits. *Van Strum v. Lawn*, 940 F.2d 406, 408–10 (9th Cir. 1991). The statute of limitations on a *Bivens* claim in Oregon is two years. *Rheel v. United States*, No. 12-1719, 2013 WL 3929830, at *2 (D. Or. July 29, 2013) (citing Or. Rev. Stat. § 12.110(1).) In California, the limitations period is one year. *Papa v. United States*, 281 F.3d 1004, 1009 & n.11 (citing Cal. Civ. Proc. Code § 340); *accord Velez v. Mohiuddin*, No. 98-8859, 1999 WL 810418, at*2 (C.D. Cal. Aug. 27, 1999); *Chavez v. INS*, 17 F. Supp. 2d 1141, 1145 (S.D. Cal. 1998).

As noted above, Mr. Ezell's fall from his bunk occurred at the end of 2010. He filed his first complaint on June 4, 2013, well over two years after any date in 2010. His *Bivens* claim is therefore time-barred under both the Oregon and California statutes of limitations.

---

[1] The Form 95 claim gives the date as October 18, and the complaint alleges that the fall occurred on December 8.
[2] Because it contains medical records, Judge Jelderks ordered [25] that Attachment C to Ms. Vickers's declaration be sealed.

3 – OPINION AND ORDER

"[T]here is no reason to raise false hopes and waste judicial resources by transferring a case that is clearly doomed . . . ." *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999). Because the statutes of limitations applicable in California had run when this action was originally filed, transfer to the Central District of California would be futile. Accordingly, Defendants' Motion To Dismiss for Lack of Jurisdiction and Improper Venue [21] is GRANTED.

IT IS SO ORDERED.

DATED this  9th  day of May, 2014.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

4 – OPINION AND ORDER