IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**TERRY LAMELL EZELL,**

No. 3:13-cv-00924-JE

Plaintiff,

OPINION AND ORDER

v.

**JOSE ESQUETINI in his capacity as a federal employee acting within the scope of his duties and as an individual, MARTIN HERNANDEZ in his capacity as a federal employee acting within the scope of his duties and as an individual, and UNITED STATES OF AMERICA,**

Defendants.

**MOSMAN, J.,**

On April 1, 2014, Magistrate Judge Jelderks issued his Findings and Recommendation [35] in the above-captioned case, in which Mr. Ezell asserts a *Bivens* claim and a claim under the Federal Tort Claims Act (FTCA). Judge Jelderks concluded that this Court lacks personal

1 – OPINION AND ORDER

jurisdiction over the *Bivens* Defendants, Jose Esquetini and Martin Hernandez, and that venue in this Court is improper with regard to the FTCA claim. (F&R [35] at 8 –10). He recommended that the action be transferred to the Central District of California. *Id.* at 10. Neither party filed objections.

Upon review, I agreed with and adopted Judge Jelderks's conclusions that this Court lacks personal jurisdiction over Mr. Esquetini and Mr. Hernandez and that venue is improper on the FTCA claim. (Op. & Order [38] at 2.) I went on to analyze whether these defects required the action to be dismissed, or whether in the interests of justice the action should have been transferred to the proper venue. *Id.* at 2–4.

Because I found that the applicable statutes of limitations in both Oregon and California had run on all of Mr. Ezell's claims when this action was originally filed, and therefore that transfer to the Central District of California would be futile, I granted defendant's motion to dismiss the action. *Id.* at 4.

This revised opinion is issued in response to Defendants' motion for clarification and partial reconsideration [40]. Defendants argue first that equitable tolling arguments under the Federal Tort Claims Act ("FTCA") are currently permitted pursuant to *Kwai Fun Wong v. Beebe*, 732 F.3d 1030 (9th Cir. 2013), and second that the California statute of limitations for personal injury claims is either two years, or in certain circumstances governing personal injury claims filed by inmates, up to four years.

The law cited in Defendants' motion does not disrupt the Court's findings that there is no personal jurisdiction over the *Bivens* defendants by the District of Oregon and that the *Bivens* claims are untimely pursuant to both Oregon and California statutes of limitation. However, it

2 – OPINION AND ORDER

does require reconsideration as to whether or not to transfer the claim to the Central District of California.

I. **Clarification Regarding Equitable Tolling**

In determining that the statute of limitations had run, I noted that the FTCA statute of limitation is "not subject to equitable tolling or estoppel," citing *Adams v. United States*, 658 F.3d 928, 933 (9th Cir. 2011), which relied on *Marley v. United States*, 567 F.3d 1030, 1038 (9th Cir. 2009). However, this point of law from *Marley* was overruled by *Kwai Fun Wong v. Beebe*, 732 F.3d 1030 (9th Cir. 2013) (en banc), which held that equitable tolling can apply to the time limits contained in 28 U.S.C. § 2401(b).

Because *Wong* was decided well before Mr. Ezell filed his response, he was required to present arguments that he was entitled to equitable tolling of the FTCA claim in his response to the motion to dismiss or in his objection to the F&R. However, Mr. Ezell raised only one tolling argument, and it was not for equitable tolling; he argued that the statute of limitations on his claims has not begun to run because Defendant's conduct amounts to a "continuing tort," (Resp. [29] at 5– 6,) which "involves a wrongful conduct that is repeated until desisted, and each day creates a separate cause of action." *Anderson v. State*, 965 P.2d 783, 789 (Haw. Ct. App. 1998) (quoting 54 C.J.S. Limitations of Actions § 177 (1987)).  Judge Jelderks rejected this theory, and I adopt that rejection. (F&R [35] at 10.)

Because Mr. Ezell did not present an argument that he was entitled to equitable tolling, he waived that argument and so the *Wong* case does not provide any basis for disturbing the Court's determination that Mr. Ezell's FTCA claim is barred by the statute of limitations.

II. **Reconsideration Regarding California's Statute of Limitations**

3 – OPINION AND ORDER

In a *Bivens* action, a district court adopts the statute of limitations applied to personal injury actions in the courts of the state in which it sits. *Van Strum v. Lawn*, 940 F.2d 406, 408–10 (9th Cir. 1991). The statute of limitations on a *Bivens* claim in Oregon is two years. *Rheel v. United States*, No. 12-1719, 2013 WL 3929830, at *2 (D. Or, July 29, 2013) (citing Or. Rev. Stat. § 12.110(1).)

In defining California's statute of limitations, I relied on *Papa v. United States*, 281 F.3d 1004 (9th Cir. 2002), which recognized that a *Bivens* claim arising in California was governed by a 1-year limitations period. *Id.* at 1009. However, the statute cited in *Papa* was amended in 2003 and the limitations period was increased to two years. *See Jackson v. Barnes*, 749 F.3d 755, No. 09-55763, 2014 WL 1424448, at *3 (9th Cir. April 15, 2014) (noting California's amendment); Cal. Civ. Prov. Code § 335.1. Additionally, if the claim accrues while the plaintiff is incarcerated for a term of less than life, then the statute of limitations may be tolled "for a maximum of 2 years" during a prisoner's incarceration. Cal. Civ. Prov. Code § 352.1.  Mr. Ezell resided at the Federal Correctional Complex in Victorville, California from October 2008 to March 2012. (Ms. Vicker's Decl. Att. E [23-4] at 1.) Therefore, he would have up to four years in California to file a *Bivens* claim.

Defendant Esquetini's last alleged act was committed sometime in mid-2009. (2d Am. Compl. [7] at ¶ 13). Plaintiff claims the last act by defendant Hernandez occurred no later than November 4, 2010. *Id.* at ¶ 27. Plaintiff filed his administrative claim on January 14, 2013. (Vickers Decl. Att. C [37] at 1.) Plaintiff filed his *Bivens* action in the District of Oregon on June 4, 2013. (Comp. [1].) Therefore, the *Bivens* claims would be timely in California.

## CONCLUSION

My former opinion and order [38] is vacated. Upon review, I agree with and adopt Judge Jelderks's conclusions that this Court lacks personal jurisdiction over Mr. Esquetini and Mr. Hernandez and that venue is improper on the FTCA claim. I DISMISS the FTCA claim, and TRANSFER the *Bivens* claim to the Central District of California.

IT IS SO ORDERED.

DATED this   12th   day of June, 2014.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge
